NATHANIEL HARRISON *v.* DAVID S. STACY, Administrator of
the Succession of CHARLES S. LEE.

By an act of the Legislature of the State of Mississippi, of the 26th of November,
1821, sect. 115, it is provided, that any claim against the estate of one deceased,
not presented to the executor, administrator, or collector within eighteen months
after the publication of notice for that purpose by such executor, &c., shall be for-
ever barred, and the estate discharged therefrom. Plaintiff, a resident of that
State, being the holder of a claim against the estate, the deceased barred by that
act, commenced an action against the administrator of a part of the succession situ-
ated in this State. *Held,* that the claim being barred in Mississippi, must be con-
sidered so in this State.

APPEAL by the plaintiff, from a judgment of nonsuit, pro-
nounced by the Court of Probates of Concordia, *Mc Whorter*, J.

*F. H. Farrar*, for the appellant. Prescription pertains to the
remedy, and is governed by the *lex fori*. The statute of Missis-
sippi, of 26th November, 1821, can have no extra-territorial effect.
7 Mart. N. S. 108.

*Stacy* and *Dunlap*, contra. The statute does not relate to the
remedy, but extinguishes the obligation. *Pickett's Ex'rs* v. *Ford*,
4 Howard's Miss. Rep. 119, 250. Story, Conflict of Laws, 582.
5 Cranch, 358. *Beckford et al.* v. *Wade*, 17 Vesey, 88.

BULLARD, J. This is an action instituted on the last of Octo-
ber, 1842, against the administrator of the estate of Charles S.
Lee, late of the State of Mississippi, deceased, to recover the
amount of a promissory note, drawn by Wilson & Allison, and
endorsed by Bowen and the said Charles S. Lee, payable on the
1st of January, 1838, at the Planter's Bank in Natchez, at which
place the plaintiff, who alleges himself to be the holder, avers that
payment was duly demanded, and the note protested. He avers
that the administrator has refused to admit the note as a just claim
against the estate.

The administrator set up two grounds of defence. He denies,
in the first place, that there ever was such notice of protest given,
as to bind the estate of Lee, and alleges that it is not liable in
consequence of the endorsement. He next avers that the plain-
tiff's demand against the estate of Lee is forever barred and ex-

tinguished, according to the law of Mississippi, where said note was executed and endorsed by Lee, if at all. That the plaintiff is, and has been for the last six years, a resident of the State of Mississippi, and constantly present in said State. That in October, 1836, Charles S. Lee died in said State, in Claiborne county, where he had his residence. That in 1837, his widow Anne Lee was duly appointed administratrix of his estate. That she gave notice as required by law to all creditors, and persons holding claims, to exhibit them within the time limited by law, or that they would be barred; but that the plaintiff failed and neglected to present, or exhibit the claim herein sued on to said administratrix, within the eighteen months after the date of the aforesaid publication and notice, as required by law; by means of which neglect and failure, said claim became *ipso facto* extinguished, and the estate and succession of the said Lee forever discharged therefrom.

That the estate of Lee was a Mississippi estate, he having been a citizen of that State, and having died there; that administration thereupon was conferred by competent authority on his widow, who gave the notices required by the statute, and that the plaintiff then, according to his own showing the holder of the note sued on, was a citizen of that State, and resident near the place where the administration was granted, and the notices were published, are facts abundantly proved in the record.

The defendant administers upon that part of the property of the estate situated in Louisiana, and any claim admitted by him forms a charge against the estate in Mississippi, and would diminish *pro tanto*, the distributive share of the heirs. The statute which he relies on is in the following words : " All claims against the estates of deceased persons, shall be presented to the executor, administrator, or collector within eighteen months after the publication of notice for that purpose by such executor, &c., and not after ; and all claims not presented within the time aforesaid shall be forever barred, and the estate of the testator or intestate, shall be thereafter discharged from the payment of such claim or claims ; and the executor, administrator, or collector may give this act in evidence without pleading the same specially, in bar of any suit or action either in law or equity, brought to recover

the amount of any claim or claims of which notice had not been given by the creditor or creditors, according to the foregoing provisions," &c. Act of 26th November, 1821, sect. 115.

It appears to us most manifest, that if this claim were now presented against the estate of Lee in any court of the State of Mississippi, it could not avoid pronouncing it extinguished, and forever barred. If by the lapse of eighteen months, without presentation to the representative of the estate, this claim no longer formed a charge upon it, but was forever barred, we do not see upon what principle it can be made to avail as a charge upon that part of the estate situated in Louisiana, when presented several years after it had ceased to be a valid claim against the same estate, according to the law of the State where the succession was opened, and all the parties resided. We think it our duty to pronounce in this matter, as we believe the courts of our sister State would decide, that the claim here presented, is forever prescribed and barred, by virtue of the law above quoted, of the Legislature of Mississippi. In thus giving effect to the law in question, we act upon a well settled principle of international jurisprudence. See Story, Conflict of Laws, 487, § 582. 17 Vesey, 88.

*Judgment affirmed.*